UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DANIEL RODRIGUEZ,
    Plaintiff,

    vs.                                              09-1412,

DR. NAME UNKNOWN,
    Defendant.

## MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A.

The plaintiff has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights have been violated.    Unfortunately, there are several problems with the plaintiff's complaint.

For instance, the plaintiff says he has been denied medical care for an injured thumb, but he has attached dozens of pages of exhibits to his complaint that have no obvious relevance to this claim.   If the plaintiff was intending to add any additional claims, he must clearly state those claims in the body of his complaint and not simply attach dozens of documents in hopes that the court will uncover additional claims.  Furthermore, the "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).   Simply attaching documents is not enough.  *See* Fed.R.Civ.P. 8.

The only claim alleged in the body of the complaint concerns the plaintiff's medical care. The plaintiff says on January 21, 2009, his thumb was injured in an assault with prison guards at Lawrence Correctional Center.   The plaintiff says as a result, he received two stitches between his thumb and index finger. (Comp, p. 7).  The plaintiff says he received no further treatment from doctors at Lawrence Correctional Center, but instead was quickly transferred to Pontiac Correctional Center.

Once at Pontiac, the plaintiff says he began to feel some numbness and discomfort in his thumb.  The plaintiff says he has been denied proper treatment.  At first, the plaintiff appears to be alleging that he was denied any treatment.  However, the plaintiff also says he saw  an outside specialist who discovered damage to his nerve and tendon, but he has not received treatment for

1

this injury. The plaintiff says his thumb is completely numb and he is unable to use his hand effectively.

The only defendant the plaintiff has identified in his complaint is the unnamed doctor who first saw him at Lawrence Correctional Center. Based on the complaint, the plaintiff has failed to articulate a violation of his Eighth Amendment rights against this individual. This doctor did treat the plaintiff by stitching up his injury. By the plaintiff's own account, he was transferred very quickly to Pontiac Correctional Center. The plaintiff has not indicated how a doctor at Lawrence Correctional Center would have any control over the medical care at Pontiac Correctional Center. In addition, the plaintiff states he did not feel numbness with his thumb or complain about any additional problems until *after* he was transferred. Therefore, the court will dismiss this claim since the plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A**.**

Nonetheless, the court will allow the plaintiff one opportunity to file an amended complaint, because it appears that he may have an Eighth Amendment claim against medical providers at Pontiac Correctional Center. The plaintiff mentions medical providers at Pontiac in the body of his complaint, but does not name them as defendants. The plaintiff has included some medical records in his exhibits, so he clearly has access to the names of any potential defendants from Pontiac Correctional Center.

The clerk of the court will be instructed to provide the plaintiff with a blank complaint form to assist him in filing the amended complaint. The plaintiff should state which defendants he is suing at Pontiac Correctional Center, what he is accusing them of doing, and approximately when it occurred. The plaintiff should not attach any exhibits to his complaint and should not include legal arguments in his complaint.

In addition, the plaintiff is admonished that he cannot combine unrelated claims against unrelated defendants in the same lawsuit pursuant to Federal Rules of Civil Procedure 18 and 20. *See George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007). Therefore, if the plaintiff wishes to file refile a lawsuit against any doctor at Lawrence Correctional Center, he must file a separate lawsuit.[1] He can not combine claims against individuals at Lawrence Correctional Center with claims against defendants at Pontiac Correctional Center, nor can he combine unrelated claims against unrelated defendants from Pontiac Correctional Center.

Finally, the court notes the plaintiff has also filed a motion for appointment of counsel [d/e 3] and motion to produce information. [d/e 4] The plaintiff says he has no knowledge of the law and does not have the income to hire counsel. The plaintiff has no statutory or constitutional right to counsel in this case. In considering a motion for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The plaintiff has presented no evidence of

---

[1]The court notes that any lawsuit involving Lawrence Correctional Center should be filed in the Springfield division of the United States District Court for the Central District of Illinois.

any effort he has made to obtain counsel on his own.  The motion is therefore dismissed. [d/e 3]

The plaintiff's motion to produce information asks the court to order the defendants to provide him with the name of the doctor from Lawrence Correctional Center who stitched the plaintiff's thumb. [d/e 4].  The motion is denied.  The court found that the plaintiff failed to state a claim upon which relief can be granted concerning this individual.  In addition, the defendants are not currently in this case.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A as well as violations of Federal Rules of Civil Procedure 8, 18 and 20.**

2) **The court will allow the plaintiff one opportunity to file an amended complaint.  The Clerk of the Court is directed to send the plaintiff a blank complaint form to assist him.  The plaintiff must follow the directions in this complaint and identify the specific defendants is suing at Pontiac Correctional Center.  The plaintiff was briefly state what he is accusing each defendant of doing and approximately when it occurred.  The plaintiff should not attach any documents to his complaint.**

3) **The plaintiff must file his amended complaint on or before February 26, 2010.  If the plaintiff fails to meet this deadline, his case will be dismissed.**

4) **The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

5) **The plaintiff's motion for production of information is denied. [d/e 4]**

6) **The merit review hearing scheduled for February 11, 2010 at 1:45 is canceled and the writ is recalled.    The hearing is now rescheduled for March 31, 2010, at 9:30 a.m. by video conference.  The clerk is to issue a writ for the plaintiff's participation in the merit review conference.**

Entered this 1st day of February, 2010.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE